(No. 2353—

IZORA GREEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1936.*

CARL H. PREIHS, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

This claim was filed in this court on March 30, 1934, alleging that on November 14, 1933, the deceased, Charles R. Green received an injury by reason of an accident arising out of and in the course of his employment by the State of Illinois, which injury resulted in the death of the deceased on the 23rd day of December, 1933. The claimant is the wife of the deceased. Deceased was employed at the time of the accident as Captain of the Guards of the Illinois State Penitentiary located at Stateville, Illinois. He received $144.00 per month, and worked under the direct supervision of the Warden of the penitentiary. At the penitentiary, it is conceded, that employees and inmates are engaged in the manufacture of goods, manufacture of auto license plates, etc. in which power driven machines are used; that excavation and landscape work was being done in and about said institution and grounds and that there was a quarry at the penitentiary for the blasting of stone in which dynamite was used, which work the deceased supervised and personally directed.

The claimant further alleges that on the morning of November 14, 1933, the deceased had arrived at the institution to do his daily work, and was on the grounds of the penitentiary, and had given the witness, Andrew J. Patrick, another employee, instructions as to the nature of his work for the day in the license plate factory, and while proceeding along the roadway in front of the institution, he was struck and run down by an automobile driven by one Frank G. Parker. He was carried on the bumper for some fifty yards. Deceased was taken to the prison hospital.

Dr. Louis H. Miller in answer to written interrogatories stated that he was a physician and surgeon at Pana, and had given particular reference to the treatment of traumatic

injuries. He had graduated in 1909 and had hospital experience at St. Mary's at Chicago, and practiced at Pana, Illinois, since graduation, except for one year when he served as a ward surgeon at Embarkation Hospital, Newport News, Virginia. He is local surgeon for the B. & O. Railway Company and the Chicago & Eastern Illinois Railway Company, and had acted in such capacity for a number of years. He is also a surgeon for a number of local industries, such as coal mines, lumber yards, creameries, ice and cold storage plants, etc., and at that time had been doing surgical work for eight or ten doctors. After reciting his injuries, the doctor was of the opinion that death was directly due to an embolus, as the result of the injuries which occurred to deceased approximately six weeks prior to his death.

Dr. Frank J. Chmelik was also called as a witness. His qualifications were admitted by the Attorney General. He had been prison physician for the last seven years, and was still employed there. With reference to deceased's injuries, Dr. Chmelik testified that when he first saw him at the hospital, he was in terrible agony and shock; that he found both legs broken, a back injury, and a fracture of the left third transverse lumbar process. He stated that he had an opinion based upon a reasonable degree of medical certainty from those facts and from his observation and treatment and the injuries which he observed, that the cause of his death was the result of the injuries which he sustained, that is, a blood clot had become loose and either lodged in the brain or the heart.

Under the facts in this case, we are of the opinion that the deceased died as the result of injuries arising out of and in the course of his employment.

Testimony shows that the deceased left no children under sixteen years of age, and received a salary of $1,728.00 per year. No question arises as to notice or claim for compensation within six months or filing of application within one year. Award is therefore entered in favor of the claimant for the sum of $4,000.00.

From the date of the injury, which caused his death, up to the present time, September 8, 1936, 147 weeks has elapsed, and claimant is now entitled to $15.00 per week for said 147 weeks, or the sum of $2,205.00; the balance of said

award of $4,000.00, i. e., $1,795.00, should be paid at the rate of $15.00 per week.

This award being for the death of a State employee, is subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved July 2nd, 1935.

In accordance with the provisions of such Act, this award is subject to the approval of the Governor, and upon such approval is payable from the appropriation from the general fund, in the manner provided by such Act.